# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

---

METSO PAPER USA, INC.,

        Plaintiff,

    v.                                       Case No. 04-C-0531

MARK BAYS, *et al.*,

        Defendants.

---

## MEMORANDUM AND ORDER

---

Plaintiff Metso Paper USA, Inc., brought this action under the federal Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. §§ 1961-1968, alleging that defendants defrauded it of over $100,000. Over a year after filing suit, plaintiff has moved to dismiss the action, without prejudice, in order to re-file in state court. Defendants Bays, Hickman, and Midwest Industrial Testing oppose the motion; Defendants Ercoli and Nondestructive & Visual Inspection, who plaintiff does not intend to name in the new suit, support it. For the following reasons, the motion will be denied.

Fed. R. Civ. P. 41(a)(2) provides that once the defendants have answered the complaint, the plaintiff may not dismiss its case "save upon order of the court and upon such terms and conditions as the court deems proper." "[T]he general purpose of the rule is to preserve the plaintiff's right to take a voluntary nonsuit and start over so long as the defendant is not hurt." *McCall-Bey v. Franzen*, 777 F.2d 1178, 1184 (7th Cir. 1985). In evaluating the harm to a defendant from a voluntary dismissal without prejudice, the court should consider, among other factors, "the

defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for the need to take a dismissal, and [whether] a motion for summary judgment has been filed by the defendant." *Pace v. Southern Express Co.*, 409 F.2d 331, 334 (7th Cir. 1969). However, "the prospect of a second lawsuit or the creation of a tactical advantage is insufficient to justify denying the defendant's motion to dismiss." *Quad/Graphics, Inc. v. Fass*, 724 F.2d 1230, 1233 (7th Cir. 1983).

The record reflects that Defendant Bays has incurred over $10,000 in attorney's fees, as well as $396.88 in other expenses to date. Defendants Hickman and Midwest Industrial Testing have incurred $8,424.00 in attorney's fees and $1,166.18 in expenses to date. Plaintiff filed its motion more than a year after it commenced the action, after it missed a deadline for disclosing an expert witness and just ten days short of the discovery cut-off, though all parties had apparently agreed to jointly request an extension for an additional two months. Plaintiff notes that other than exchange of written discovery, only one deposition has been taken, and that at its instance.

These facts demonstrate that the defendants opposing plaintiff's motion have expended substantial time and money in preparing for trial. They do not support a finding that plaintiff prosecuted the action diligently and acted in a timely manner. More importantly, plaintiff's explanation for its need to dismiss simply does not make sense. Plaintiff states that when it filed this action, it appeared that two of the defendants, Ercoli and Hickman, resided outside of Wisconsin. Since then, plaintiff states it has learned that Ercoli does not belong in the suit, Hickman has moved to Wisconsin, and it has discovered additional state law claims against the named defendants, as well as other persons who also reside in Wisconsin. Plaintiff contends that "[t]he existence of additional state court claims against the defendants as well as new instate

2

defendants not yet named will require suit in state court, and the availability of a state court RICO action means that all claims can be efficiently resolved." (Aff. of Gregory B. Gill, ¶ 5.)

The fact that there will no longer be any out-of-state defendants, however, is irrelevant to the question of dismissal. Federal jurisdiction is predicated on the Federal RICO claim, not diversity of citizenship. Thus, it is unclear why the dismissal of Ercoli and the return of Hickman to Wisconsin make any difference in the choice of forum. Likewise, the discovery of additional state law claims against unnamed parties is also not a reason for dismissal. Insofar as such claims are related to the matter at issue in this case, they are cognizable in this court pursuant to its supplemental jurisdiction. *See* 28 U.S.C. § 1367. Plaintiff is free to seek leave to amend its complaint to add new claims or parties, which "leave shall be freely given when justice so requires." Fed R. Civ. P. 15(a). In sum, plaintiff fails to explain why starting over with a new action in state court would allow the claims to be "more efficiently resolved."

It is true that neither party has moved for summary judgment in this case, but in view of the amount of time the matter has been pending, the expense defendants Bays, Hickman, and Midwest have incurred, and the lack of any reasonable explanation by plaintiff for dismissing its federal action and starting over, I conclude that plaintiff's motion should be denied. Having chosen a federal forum more than a year ago and forced the defendants to hire counsel and expend substantial sums in order to prepare for trial, it is too late for plaintiff to simply dismiss and start over in state court just before the close of discovery. Of course, should plaintiff move for dismissal of its federal RICO claim with prejudice, only its state law claims would remain. The general rule is that when the federal claim drops out before trial, the federal district court should relinquish jurisdiction over the supplemental claim. *See* 28 U.S.C. § 1367(c); *Van Harken v. City of Chicago*, 103 F.3d

3

1346,1354 (7th Cir. 1997). In that event, dismissal of plaintiff's state law claims would be without prejudice. However, that is not the motion before me, and so I need not address it further. As to the motion plaintiff has filed, I conclude for the reasons set forth above that it should be denied.

**SO ORDERED.**

Dated this ___24th___ day of August, 2005.

s/ William C. Griesbach
William C. Griesbach
United States District Judge

4