# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

METSO PAPER USA, INC.,

        Plaintiff,

v.                                              Case No. 04-C-0531

MARK BAYS, *et al.*,

        Defendants.

## ORDER

On June 3, 2004, Plaintiff Metso Paper USA, Inc., brought this action under the federal Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. §§ 1961-1968, alleging that defendants defrauded it of over $100,000. Over a year after filing suit, plaintiff moved to dismiss the action, without prejudice, in order to re-file in state court. Plaintiff's stated reason for dismissal was that it had discovered that its claims against Defendants Didier S. Ercoli and Nondestructive and Visual Inspection were unfounded, and that it wished to add state law claims against the other defendants. The court denied plaintiff's motion to dismiss after noting that plaintiff had failed to show why its desired changes could not be accommodated by amending its pleadings before this court. (Order of August 24, 2005 at 3.) Plaintiff has now moved for leave to amend its pleadings to dismiss its claims against Defendants Ercoli and NVI and to assert its state law claims in this

court.[1] Defendants Mark Bays, James Hickman, and Midwest Industrial Testing, Inc., oppose the motion insofar as it would add new state law claims. For the following reasons, plaintiff's motion will be granted.

Once the defendants have answered the complaint, Fed. R. Civ. P. 15(a) requires a plaintiff to secure leave of this court to amend, but provides that such leave "shall be freely given when justice so requires." While the matter is entrusted to the sound discretion of the district court, the Supreme Court has held that

> [i]n the absence of any apparent or declared reason–such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.–the leave sought should, as the rules require, be "freely given."

*Foman v. Davis*, 371 U.S. 178, 182 (1962). No party disputes that leave should be granted to amend the pleadings to eliminate claims against Defendants Ercoli and NVI. However, Defendants Hickman, Bays, and Midwest argue that plaintiff has unduly delayed assertion of its state law claims and that they would be prejudiced by allowance of an amendment to assert those claims now.

The amended complaint effects little change in the factual allegations against Defendants Bays, Hickman and Midwest. Most of the alterations consist of removing allegations concerning Ercoli and NVI. It is true that the amended complaint states three new state law causes of action against the remaining defendants: violation of Wisconsin's RICO statute, Wis. Stat. § 946.83(1), intentional misrepresentation, and breach of fiduciary duty. (Am. Compl. ¶¶ 50-55.) But the factual

---

[1] Plaintiff's motion is entitled "Notice of Motion and Motion for Reconsideration of the Order Entered August 24, 2005 or Alternatively to Amend the Pleadings." Plaintiff gives no grounds for reconsideration of the court's Order of August 24, 2005, and the court accordingly declines to reconsider that Order.

2

predicates of these causes of action are identical to the predicates of plaintiff's federal RICO claim. The Federal Rules of Civil Procedure require a plaintiff to set forth only three things in his complaint:

> (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it,
>
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and
>
> (3) a demand for judgment for the relief the pleader seeks.

Fed. R. Civ. P. 8(a). The rules do not require a plaintiff to specify the statutes or legal theories under which he seeks to recover in his complaint. *Shah v. Inter-Continental Chicago Hotel Operating Corp.*, 314 F.3d 278, 282 (7th Cir. 2002) ("The plaintiff is not required to plead facts or legal theories or cases or statutes, but merely to describe his claim briefly and simply."); *see also Ryan v. Ill. Dep't of Children and Family Services*, 185 F.3d 751, 764 (7th Cir. 1999) (holding that it is acceptable for plaintiff to wait until response to summary judgment motion to identify legal theory).

Plaintiff's original complaint, which set forth only a federal RICO claim, did not preclude plaintiff from asserting its state law claims at any time through its response to a summary judgment motion. Plaintiff's amendment, while not strictly required to assert those claims, will assist the parties and the court in clarifying plaintiff's legal theories. Because recovery under such theories was not precluded under the original complaint, defendants are not prejudiced by the amended complaint.

3

**IT IS THEREFORE ORDERED** that plaintiff's motion for leave to amend (Docket #54) is hereby **GRANTED.** The clerk of court shall detach and file the amended complaint forthwith. Defendants shall file their response to the amended complaint within twenty days of this order. Upon filing of their responses, the clerk shall set this matter for a Rule 16 conference.

Dated this 19th day of October, 2005.

s/ William C. Griesbach<br>
William C. Griesbach<br>
United States District Judge